CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 1 3 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RINEL FERDINAND, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00505 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BRIAN WATSON, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Proceeding pro se, plaintiff Rinel Ferdinand brings this civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, an inmate in the segregated housing unit ("SHU") at Wallens Ridge State Prison ("WRSP") in Big Stone Gap, Virginia, alleges that defendants employed at WRSP and with the Virginia Department of Corrections ("VDOC") have violated his Eighth and Fourteenth Amendment constitutional rights by implementing and enforcing VDOC's grooming policy. Plaintiff seeks monetary damages and injunctive relief. For the reasons that follow, the court will dismiss the complaint, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[1,2]

## I. Factual Background [3]

Plaintiff states that he has been housed in the SHU since July 18, 2003, and that, on August

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] Federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Plaintiff has had two cases dismissed for failure to state a claim upon which relief may be granted. See Civil Action Nos. 7:06-cv-00564 (W.D. Va. September 29, 2006); 7:06-cv-00179 (W.D. Va. March 31, 2006). Plaintiff is hereby advised that this dismissal constitutes his third "strike" under § 1915(g).

[3] The facts have been adduced from plaintiff's complaint and the attachments submitted in support thereof.

1, 2007., an Institutional Classification Authority ("ICA") hearing was held, subsequent to which it was determined that he would remain in the SHU. Plaintiff has submitted his "Institutional Classification Authority Hearing Form," which indicates that plaintiff was notified of his "Segregation Review/Release" hearing on July 30, 2007. The form specifies that an inmate will be accorded the following due process at the hearing:

> You will be permitted to: 1) Be present at the hearing 2) Remain silent 3) Know the reasons for any decisions rendered by the ICA 4) Have your counselor or an employee present to assist you 5) Receive a copy of the written findings and recommendations of the ICA. During hearings based solely on documented Adjustment Hearing Referrals the following is **not** afforded to you: 1) Hearing the Reporting Officer's testimony 2) Cross-examining adverse witnesses 3) Calling and cross-examining witnesses.

The form indicates that, given the opportunity to sign the notice (acknowledging that he had received a copy of the notice, that it had been explained to him, and expressing whether he intended to call witnesses), plaintiff refused to sign.

The form further indicates that a hearing was held on August 1, 2007, that no comments from plaintiff or any officer were received, and that the ICA recommended plaintiff remain in segregation. The ICA provided the following rationale for its recommendation: "Non-compliant with DOP 864.1[.] Needs longer period of adjustment." Plaintiff signed an acknowledgment of having received the ICA's recommendation. The Warden reviewed and approved the recommendation on August 2, 2007.

Plaintiff filed an informal complaint and, dissatisfied with the staff response, followed with a regular grievance, which he submitted on August 6, 2007. Plaintiff's complaints are recapitulated in the Warden's Level I response to plaintiff's grievance. Issued on September 6, 2007, the Level

2

I response stated, in pertinent part:

> **Grievance Summary:** In your grievance, you allege that you are being deprived of every privilege utilized as a penalty under D.O.P. 861.1. You state that D.O.P. 864 requires reassignment to segregation and under D.O.P. 861.3 segregation is not and can not be used as a disciplinary procedure. You would like to receive all your privileges such as canteen, CD's, tapes, and extra recreation.
>
> **Informal Summary:** Your informal response, dated 8/1/07 from Assistant Warden Harvey, states that in accordance with DOP 864.1 dated June 1, 2007 that all offenders who refuse to comply with DOC grooming standards will remain in segregation status.
>
> **Investigation:** The investigation determined that standards for the operation of special management housing and for the care and custody of offenders assigned to special housing were being maintained properly by Wallens Ridge staff. It was verified by staff that personal property, personal hygiene items, and commissary items are being allowed in accordance with the procedures of offenders assigned to Segregation Housing. Commissary states that inmates assigned to the Segregation Units are only permitted to purchase commissary items listed on the approved commissary list for Special Management Housing.
>
> **Policy/Procedure:** DOP 864.1 Offender Grooming and Hygiene governs this issue.
>
> Based on the above information your grievance is deemed **unfounded**. No corrective action is warranted at this time.

Plaintiff appealed. On September 13, 2007, the VDOC's Regional Director issued its Level II response to plaintiff's appeal, stating, in relevant part:

> Your grievance appeal has been reviewed along with the Level I response and your original complaint. Your grievance regarding the recommendation fo the ICA at your Formal ICA Hearing held 08-01-07 has been investigated. Investigation revealed the hearing was held in accordance with policy. The recommendation of the ICA that you should remain assigned to Segregation based on your refusal to be compliant with DOP 864 "Inmate Grooming Standards" is deemed appropriate. It should be noted that Wallens Ridge State Prison Administration reviewed and upheld the ICA recommendation. I encourage you to comply with policy in an effort to be released from Segregation at a future ICA Hearing. DOP 864.1 governs this issue.
>
> Based on the information provided, I am upholding the decision of the Level I

respondent, which has determined that your grievance is unfounded.

The Level II respondent informed plaintiff that the Level II response constituted the last level of appeal for his grievance.

The instant complaint followed. The court will introduce additional facts as necessary in its discussion.

### II. Standard of Review

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proved consistent with the allegations of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); see also Bell Atlantic Corp. v. Twombly, 550 U.S. ___, slip op. at 8 (2007) (while the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"; the Court specifically explained, id., slip op. at 18-24, that the Twombly analysis does not run counter to Swierkiewicz or impose a heightened pleading standard); Teachers' Retirement System of La. v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007) (citing Swierkiewicz, 534 U.S. at 514, and stating that "a court may dismiss a complaint [for failure to state a claim upon which relief may be granted] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations").

4

## III. Discussion

Plaintiff alleges that his retention in the SHU violates the Eighth and Fourteenth Amendments.[4] Plaintiff's claims must fail. In Ragland v. Angelone, 420 F. Supp.2d 507 (W.D. Va. 2006) (Turk, J.), aff'd, Ragland v. Powell, 193 Fed. Appx. 218 (4th Cir. 2006) (unpublished), cert. denied, Ragland v. Powell, 127 S. Ct. 1877 (March 26, 2007), the VDOC grooming policy (wherein inmates who refuse to comply with the grooming policy "will remain assigned to segregation until the inmate fully complies with the grooming standards," id. at 510) was upheld in the face of challenges under the First Amendment Free Exercise Clause, the Eighth Amendment, the Fourteenth Amendment Due Process and Equal Protection Clauses, and RLUIPA. Plaintiff has suggested no factual or legal basis demonstrating that this controlling precedent does not apply to his claims. As was the case in Ragland, id. at 510, plaintiff's refusal to comply with the grooming policy subjected him to a variety of disciplinary penalties, including isolation penalties, loss of contact visitation privileges, phone call restrictions, loss of commissary privileges, recreation restrictions, shower restrictions, and electrical appliance restrictions, before eventually leading to his placement in the SHU, see Ferdinand v. Johnson, et al., Civil Action No. 7:06-cv-00564, slip op. at 2 (W.D. Va. September 29, 2006).

To the extent plaintiff alleges that his placement in segregation violates his federal due process rights, his allegations are without merit. Plaintiff alleges that his current retention in

---

[4] Plaintiff has previously challenged the grooming policy under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, and the Revised Organic Act, 48 U.S.C. § 1561. Those claims were dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. See Civil Action No. 7:06-cv-00564 (W.D. Va. September 29, 2006); see also supra n. 2.

segregation due to his violation of the grooming policy constitutes "'atypical and significant hardships' beyond the expected hardships of prison life." A prison disciplinary action implicates a liberty interest requiring federal due process safeguards when the punishment imposed inflicts an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). The determination of whether such an atypical and significant hardship exists is a question of law. Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997). Having reviewed plaintiff's complaint, the court concludes that plaintiff has failed to allege facts sufficient to establish that the length of his confinement in the SHU, or the conditions of his confinement in the SHU, pose an atypical and significant hardship. See Beverati, 120 F.3d at 504 (holding that a six-month term in segregation did not impose an atypical hardship where the inmates alleged that their cells were infested with vermin and smeared with urine; that no outside recreation was permitted; that there were no religious services available; and that food was served in considerably smaller portions); see also In re Long Term Administrative Segregation of Inmates Designated as Five Percenters, 174 F.3d 464, 471-72 (4th Cir. 1999) (indefinite duration of the segregation does not render it unconstitutional), cert. denied, 528 U.S. 874 ("In re Five Percenters"). Therefore, because plaintiff does not possess a liberty interest in avoiding confinement in segregation, he is not entitled to due process protections.[5]

Plaintiff further alleges that his retention in segregation due to his violation of the grooming policy constitutes a living conditions claim under the Eighth Amendment. The claim is without merit. The Eighth Amendment protects inmates from cruel and unusual living conditions. Rhodes

---

[5] Assuming, arguendo, that plaintiff were entitled to due process before being retained in the SHU, the preceding factual summary indicates that plaintiff has, in fact, received the benefit of due process.

v. Chapman, 452 U.S. 337 (1981). However, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. Id. at 347. In order to state a claim of constitutional significance, an inmate must allege facts which show that he has either sustained a serious or significant physical or emotional injury resulting from the challenged conditions of confinement, or that the conditions have created an unreasonable risk of serious injury. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). An inmate must also allege facts which show that prison officials acted with deliberate indifference. Id. at 1379. Applying these principles to plaintiff's allegations, the court concludes that plaintiff has failed to state a claim under the Eighth Amendment. While being confined in segregation may be restrictive and inconvenient, plaintiff does not allege that he has suffered a serious mental or physical injury as a result of his conditions of confinement in segregation, and there is no indication that the conditions pose an unreasonable risk of serious harm. See In re Five Percenters, 174 F.3d at 471-72 (long-term placement in segregation or maximum custody is not cruel and unusual punishment).

For the reasons stated, the court concludes that plaintiff has failed to state a claim upon which relief may be granted regarding his retention in the SHU as a consequence of his refusal to comply with the VDOC's grooming policy. Accordingly, the court will dismiss the claims pursuant to 28 U.S.C. § 1915A(b)(1).

### IV. Conclusion

Based on the foregoing, the court will dismiss the instant complaint, pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon which relief may be granted.[6]

---

[6] Plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of
(continued...)

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of November, 2007.

/s/ Glen E. Conrad
United States District Judge

---

[6](...continued)
Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).